UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PATRICE DOWNING CUSIMANO, ET AL            CIVIL ACTION

VERSUS            NO. 12-1455

NEILMED PHARMACEUTICALS, INC. ET AL            SECTION "N" (4)

# ORDER AND REASONS

Before the Court is a **"Motion Pursuant to F.R.C.P. 12(b)(6) to Dismiss" (Rec. Doc. 7)**, filed by defendant NeilMed Pharmaceuticals, Inc. ("NeilMed").

Plaintiffs brings this wrongful death and survival action, seeking damages for the injury and death of Jeffrey Allen Cusimano, which resulted from a brain infection allegedly caused by a microorganism (*naegleria fowleri*) that entered his brain through his nose when he used the NasaFlo Neti Pot to wash his nasal cavities. *See* Rec. Doc. 1. Plaintiffs have sued NeilMed under the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. § 9:2800.51 *et seq*, as well as under theories of redhibition, negligence, and breach of the warranties of merchantability and fitness for ordinary use. They allege that NeilMed designed, tested, manufactured, advertised, marketed, sold, and/or distributed the NasaFlo Neti Pot. Plaintiffs have also sued the alleged manufacturers and/or sellers of a tankless water heater that was installed in the decedent's home.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claim does not have plausibility if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679; *see also Twombly*, 550 U.S. at 555.

NeilMed seeks dismissal of all non-LPLA claims against it on grounds that the LPLA provides the exclusive theory of liability against manufacturers for damage caused by their products. In response, the plaintiffs concede that their claims for negligence and breach of the warranties of merchantability and fitness for ordinary use would be precluded by the LPLA to the extent that NeilMed admits that it is the manufacturer of the NasaFlo Neti Pot, as the term "manufacturer" is defined in the LPLA. (Rec. Doc. 11 at 2). The Court agrees. *See* La. Rev. Stat. § 9:2800.52 ("This Chapter establishes the exclusive theories of liability for manufacturers for damage caused by their products."). NeilMed makes no such admission in its motion or supporting memorandum. Rather, NeilMed's argues in essence that, because plaintiffs have alleged *inter alia* that NeilMed manufactured the neti pot, it may not also assert other theories of liability, such as that NeilMed is liable as seller for negligence and breach of the warranties of merchantability and fitness for ordinary use. The law does not place such restraint on pleading. *See* Fed. R. Civ. P. 8(d)(2) and (3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). The plaintiffs are free to plead alternative, inconsistent claims of liability, including claims that would be precluded should it be established at trial or on

2

summary judgment that NeilMed is in fact the manufacturer of the neti pot used by the decedent within the meaning of the LPLA.

Late on the day immediately prior to the submission date, NeilMed filed a reply memorandum in which its counsel states: "Although NeilMed admits that it is the manufacturer of the NasaFlo Neti Pot, it denies liability under the LPLA and further denies that the NasaFlo Neti Pot was ever used by Jeffrey Allen Cusimano." *See* Rec. Doc. 14-1. The Court need not parse this statement at this juncture, for the Court may not consider matters outside the Complaint at the Rule 12(b)(6) stage. *See, e.g., Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 546 (5th Cir. 2010)*; Kennedy v. Chase Manhattan Bank USA, NA,* 369 F.3d 833, 839 (5th Cir. 2004). Further, the Court does not consider this to be an unequivocal admission that it may rely on for purposes of this 12(b)(6) motion. The issue can be raised on summary judgment, if appropriate.

With regard to the plaintiffs' redhibition claim, plaintiffs are correct that, under the case law, such a claim is not precluded under the LPLA even if NeilMed is the manufacturer of the neti pot used by the decedent. Although the LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products," *see* La. Rev. Stat. § 9:2800.52, the statute "defines 'damage' by explicitly excluding amounts recoverable under redhibition for damage to the product and economic loss arising from the deficiency in or loss of use of the product." *Aucoin v. Southern Quality Homes, LLC,* 984 So. 2d 685, 691 n. 8 (La. 2008) (citing La. Rev. Stat. § 9:2800.53(5)). "Thus, while the LPLA is the exclusive remedy against manufacturers for damages resulting from a defective product, a manufacturer can still be liable for damages in redhibition." *Id; see also Nelson Radiology Assocs., LLC. v. Integrity Medical Systems, Inc.*, 16 So. 3d 1197, 1210 (La. Ct. App. 4th Cir. 2009); *Pipitone v. Biomatrix, Inc.*, 288

3

F.3d 239, 251 (5th Cir. 2002); *Brandner v. Abbott Laboratories, Inc.*, 2012 WL 195540 *5-6 (E.D. La. 2012) ("Redhibition...remains available against a manufacturer to recover economic loss."); *Ortego v. Merial, LLC*, 2011 WL 400383 at *6-7 (W.D. La. 2011).

In its motion and supporting memorandum, NeilMed cites no other basis for dismissing the redhibition claim. The day before the submission date, NeilMed filed reply memorandum in which it offered a new basis for dismissing the redhibition claim, namely an assertion that the plaintiffs have not yet returned the thing purchased (*i.e.*, the neti pot) to the seller, as required under the law of redhibition. The Court need not consider this argument, as it presents an entirely new argument for dismissal, which was not part of a timely filed Rule 12 motion. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii); *see also* Rec. Doc. 6 (acknowledging that NeilMed must file answer or Rule 12 motion within 60 days after July 31, 2012). Moreover, the argument presents matters outside the complaint, which are inappropriate on a Rule 12(b)(6) motion. *See Sullivan,* 600 F.3d at 546*; Kennedy,* 369 F.3d 833 at 839. Further, although "[a] buyer who obtains rescission because of a redhibitory defect is bound to return the thing to the to the seller," he "is not bound to deliver it back until all his claims or judgments, arising from the defect are satisfied." La. Civ. Code art. 2532 (as amended 1993).[1]

Accordingly, for the foregoing reasons;

---

[1] None of the cases cited by NeilMed address dismissal for failing to allege in the complaint that the thing has been returned or tendered. Indeed, two of the cases cited deal with final judgments in which the court ordered the buyer to return the thing as part of the judgment of rescission. *See Starwood v. Taylor*, 434 So. 2d 1236, 1238 (La. Ct. App. 1st Cir. 1983); *Lindy Investments III v. Shakertown 1992 Inc.*, 2010 WL 10921 at *1 (5th Cir. 2010) (unpublished opinion).

**IT IS ORDERED** that NeilMed's **"Motion Pursuant to F.R.C.P. 12(b)(6) to Dismiss"** (**Rec. Doc. 7**) is hereby **DENIED**.

New Orleans, Louisiana, this 2nd day of November, 2012.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**